```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                              :
STRIKE 3 HOLDINGS, LLC,                                       :
                                                              :
                          Plaintiff,                          :
                                                              :         24 Civ. 1697 (JPC)
            -v-                                               :
                                                              :         ORDER
JOHN DOE subscriber assigned IP address                       :
67.84.122.135,                                                :
                                                              :
                          Defendant.                          :
                                                              :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The Court is in receipt of Plaintiff Strike 3 Holdings, LLC's motion seeking leave to serve a Rule 45 subpoena on Optimum Online ("Optimum"), the internet service provided for Defendant John Doe, prior to a Rule 26(f) conference. Based on its review of Plaintiff's memorandum of law, Dkt. 8, and the accompanying declarations, the Court finds that Plaintiff has established that good cause exists for it to serve the requested subpoena. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on Optimum, which it has identified as Defendant's internet service provider ("ISP"), to obtain information to identify Defendant, specifically her or his true name and current and permanent address. Plaintiff is expressly **not** permitted to subpoena Optimum for Defendant's email addresses or telephone numbers. The subpoena shall have a copy of this Order attached, along with the "Notice to Defendant" attached as an exhibit to this Order. Plaintiff may also serve a Rule 45 subpoena in the same manner, with the same express limitation, on any ISP that is identified as a provider of internet services to Defendant in response to a subpoena served pursuant to this Order.

**IT IS FURTHER ORDERED** that Optimum will have 60 days from the date of service of the Rule 45 subpoena upon them to serve Defendant with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." **The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena.** Optimum may serve Defendant using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that Defendant shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Optimum may **not** turn over Defendant's identifying information to Strike 3 before the expiration of this 60-day period. Additionally, if Defendant or Optimum files a motion to quash the subpoena, Optimum may not turn over any information to Plaintiff until the motions have been decided and the Court issues an Order instructing Optimum to resume in turning over the requested discovery.

**IT IS FURTHER ORDERED** that if that 60-day period lapses without Defendant or Optimum contesting the subpoena, Optimum shall have 10 days to produce the information responsive to the subpoena to Plaintiff. Defendant, should he or she move to quash the subpoena or to proceed anonymously, shall at the same time as her or his filing also notify Optimum so that it is on notice not to release any of Defendant's contact information to Plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that Optimum shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. Should

Optimum elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its complaint.

SO ORDERED.

Dated: March 19, 2024
      New York, New York

                                       JOHN P. CRONAN
                                 United States District Judge